[Filed April 16, 1888.]

J. H. STEFFIN, APPELLANT, *v.* C. H. HILL ET AL., RESPONDENTS.

INJUNCTION. — Where, under a city charter, two modes are allowed in the improvement of the streets of the city, by one of which the cost thereof may be paid out of the general funds of the city, and by the other, may be charged to the property adjacent to the improvement, and the common counsel has caused a street to be improved, an injunction will not be granted at the suit of a resident taxpayer to restrain the city officers from paying the expenses thereof out of the general fund, without showing in his complaint that the street was proposed to be improved, and made a charge upon the property adjacent thereto.

APPEAL from Multnomah County.

*Frank B. Jolly*, and *E. Mendenhall*, for Appellant.

*E. B. Williams*, for Respondents.

THAYER, J.—This appeal is from a decree of the Circuit Court for the county of Multnomah, recovered by the respond-

ents against the appellant upon demurrer to the appellant's complaint. It appears from the transcript that the appellant commenced a suit in the said Circuit Court against the respondents, who were alleged to have been the mayor, recorder, and councilmen of the city of Albina, to restrain them from issuing a warrant on the treasurer of said city for the sum of one thousand two hundred and sixty dollars, or any sum, to one O'Neil, or any one, for the improvement of a certain street of the city known as Russell Street, for certain reasons alleged in the complaint. The only question in the case is whether the complaint is sufficient to entitle the appellant to the relief claimed. The demurrer to the complaint was upon the ground that it did not state facts sufficient to constitute a cause of suit. The first objection to the complaint is that the respondents were sued *personally*, and not in their official characters.

It seems to me that the suit should have been against the respondents in their official capacity; but that question is technical and does not go to the merits of the case. The complaint is so loosely drawn that it is difficult to ascertain therefrom the real grounds upon which the respondents are sought to be enjoined. The allegation is "that the defendants, mayor, recorder, and councilmen of said city, before the commencement of this suit, claimed to have but did not let to O'Neil a contract for the improvement of Russell Street from, etc. That said contract was not let by defendants in accordance with the provisions of section 18 of the charter of said city, or ordinance No. 9 as passed by the common council thereof on June 1, 1887, and approved by the mayor of said city on June 3, 1887."

The pleader after setting out section 2 of said ordinance, which is to the effect that the person, etc., to whom the contract is let will be required to enter into a stipulation that he will look for payment only to the fund to be assessed upon the property liable to pay for such improvement, and collected and paid into the city treasury for that purpose, and will not require the city by any legal process, or otherwise, to pay the same out of any other fund, alleged that no one was authorized by the common council of said city to advertise for bids for the improvement of said

Russell Street; that said common council received bids contrary to notices posted up for thirty days, which set forth that said Russell Street was proposed to be improved between certain points and in a certain manner; that said common council received bids and awarded the contract for grading only on said Russell Street, and did so contrary to said notices, and to section 3 of said ordinance No. 9, and without giving any notice that it would advertise or let the same, as said O'Neil knew; nor had it ordered that the notice required by section 2 of said ordinance No. 9 should not be published; that said common council has made no effort to levy an assessment on the property adjacent to and abutting on said Russell Street for the improvement thereof; that said mayor, recorder, and common council of said city were about to and would, if not restrained by an order of the court, unlawfully and contrary to the charter of said city, and to said ordinance No. 9, issue a warrant on the treasury of said city to O'Neil for one thousand two hundred and sixty dollars, for the alleged improvement of said Russell Street.

The real grounds of the suit seem to be that the officers of the city were about to misapply its funds; and that the appellant being a resident freeholder and tax-payer of the city, would be injured in consequence. It is almost impossible, however, to determine from the complaint wherein the said officers of the city were doing, or threatening to do, any act in violation of its charter or ordinances. The common council of the city have power and authority within its corporate limits, subject to certain conditions, to grade, gravel, pave, plank, or otherwise improve and keep in repair highways, streets, and alleys. The conditions referred to are, that no property shall be assessed for the construction of such improvements for more than one half of its last county assessed valuation; that if two fifths of the property on such street and adjacent thereto shall oppose such improvement by remonstrance, then such improvement shall not be ordered; that no property shall be taxed more than once for such improvement; and that in case of proposed street improvement, where the improvement proposed is to be made at the expense of the property adjacent thereto, thirty days' notice of

such intention shall be given by posting three notices thereof in public places of said city.    (City Charter, subd. 6, § 18.)

It is obvious from the above provision, that the common council of said city is authorized to adopt either of two modes in the improvement of streets therein.    It may cause the improvement to be made and pay the expense thereof out of the general fund, or it may cause it to be made and charge the cost of the improvement upon the lots and blocks fronting and abutting upon the street improved; and it is evident to my mind that the conditions annexed to the power which are above set out apply only when the latter mode is adopted.    I think the last one of the conditions referred to clearly indicates that view.    If such is the correct construction of the said provision of the charter, then it would be necessary that the complaint, in order to state a cause of suit, should show that the said improvement of Russell Street was made in accordance with said latter mode; for if it were made under the former mode, payment of the expense thereof out of the general fund in the city treasury would be entirely proper.    That really is the only way in which it could be paid; but if the improvement in the beginning was proposed to be made at the expense of the lots and blocks fronting and abutting upon said street, and the common council had subsequently undertaken and threatened to pay it out of the general fund, there might be grounds for claiming that there was an unlawful attempt to divert the funds of the city improperly.    In order, however, to make the improvement at the expense of the property adjacent thereto, thirty days' notice of such intention was required to be given by posting the three notices as before mentioned.

It was necessary that the notices express that intention, and the complaint should have shown such fact.    It does show inferentially that notices were posted up thirty days, setting forth that said Russell Street was proposed to be improved, from and to certain points, and in a certain manner, but contains no allegation that the intention to make such improvement at the expense of the property adjacent thereto was expressed in said notices.    For anything which appears in the complaint, the

common council may have intended at the outset to make the expense of the improvement a general charge upon the city, which it had the right to do under the charter. Nor does the provision of the ordinance set out in the complaint prevent that body from pursuing such a course. The common council cannot curtail by ordinance its power under the charter if it were to attempt to do so. I do not think, however, that it attempted by the said provision to do that. The provision evidently only applies to the cases where the expense of the improvement is intended to be charged upon the adjacent property. If the common council, therefore, had let to O'Neil the contract for the improvement of Russell Street, it does not follow that he was required to enter into the stipulation referred to in the said provision of the ordinance. It had the right to advertise for bids, and to enter into a contract for the improvement of the street, under its power to make improvements, at the general expense of the city, which was unaffected by the city ordinance, or the conditions in the charter heretofore mentioned. Under this view of the said charter, the complaint was wholly defective, and the Circuit Court properly sustained the demurrer to it.

If I am correct in the view which I have expressed, it follows that the charter of the city of Albina leaves it discretionary with its common council to improve its streets at the general expense of the city, which, from my observation and experience, I regard as a wise provision of the statute. In all ordinary cases of the improvement of streets in a town, the property adjacent thereto should be charged with the expense thereof; but there are instances, as has been shown, in the administration of municipal affairs of other towns where such a course is impracticable and unjust. Bridges across gulches in Portland and East Portland serve as forcible illustrations of the truth of that proposition. When such an improvement is of but slight advantage to the adjacent lot owners, but highly important to the general public, the cost thereof, or at least the greater portion of it, should be paid from the general funds of the city; and city charters should be so framed as to require such a course to be pursued. Whether the said improvement of Russel Street was of the character last

suggested, we have no means of ascertaining; but it is not shown that the common council did not have the right to make it at the general expense of the city.

The judgment appealed from will be affirmed.